UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES STEEL CORPORATION

        Plaintiff,

v.

R.J. STACEY, LTD., F.J. STACEY, LLC, and
MID-AMERICAN GUNITE, INC.,

        Defendants.

Case number 10-15061
Honorable Julian Abele Cook, Jr.

ORDER

On December 21, 2010, the Plaintiff, United States Steel Corporation ("US Steel"), filed a complaint, in which it accused the Defendants, R.J. Stacey et al[1] of breach of contract, committing acts of negligence, and breach of warranty. On September 8, 2011, the parties agreed to voluntarily dismiss this lawsuit with prejudice as to two of the Defendants, R.J. Stacey and F.J Stacey. (ECF 28). On October 17, 2011, the remaining Defendant, Mid-American, filed a motion for the entry of a partial summary judgment which is now pending before the Court for a resolution. (ECF 33).

I.

This action arises out of an explosion that occurred on US Steel's property on January 5, 2008. The explosion occurred during a project that was designed to reroute gas from an active 42-inch gas line to an adjacent and inactive 54-inch gas line. Prior to the eruption of the explosion, US Steel had entered into a contract with R.J. Stacey to create two sets of bypass pipelines between

---

[1]The following corporations, F.J. Stacey, LLC and Mid-American Gunite, Inc. ("Mid-American"), have also been listed as Defendants in this litigation.

these active and inactive gas lines. These bypass pipelines were to be used to divert gas temporarily into the 54-inch line while the 42-inch line was being repaired.

Thereafter, R.J. Stacey hired Mid-American to install and create the two bypass lines and install the four valves that had been purchased and tested by R.J. Stacey. Mid-American, after attending a safety meeting that had been convened by US Steel in December of 2007, completed its work assignment on the date immediately prior to the date of the explosion. None of the Mid-American employees were present at the time of the eruption. R.J. Stacey was the only contractor on the site at the time of the explosion.

Two personal injury lawsuits (filed in the Wayne County Circuit Court of Michigan) followed.[2] While US Steel was originally identified as a defendant in the state court action, Mid-American was subsequently added as a defendant in an amended complaint that had been filed in response to a notice of non-party fault filed by US Steel. Mid-American filed a motion for summary disposition, arguing that (1) there was a paucity of any evidence that it had caused or contributed to the explosion, and (2) it did not owe a duty to the plaintiffs other than its contractual obligations to R.J. Stacey. (Def. Mot. Summ. J., Ex. 1, ECF 33-2). The state court heard oral arguments on the motion on February 22, 2011. (Def. Mot. Summ. J., Ex. 4, ECF 33-22). Mid-American's motion for summary disposition was granted in its favor. (Def. Mot. Summ. J., Ex. 5, ECF 33-23). The order states, in pertinent part, that "there is no evidence of any negligence by [Mid American] that caused or contributed to the subject accident/explosion on January 5, 2008." *Id*. Pointing to this directive, Mid-American submits that the claim of negligence against it by US Steel in this federal

---

[2]Those cases are *Estate of Thomas M. Pichler, Jr. v. US Steel Corp., et al*, No. 09-002686-NO, and *Evan Lyons, et. al v. US Steel Corp., et al.*, No. 09-011089-NO. Evan Lyons thereafter joined his claims for his personal injuries with Pichler's action.

action is barred by collateral estoppel.

## II.

Federal Rule of Civil Procedure 56(a) states that a court shall grant summary judgment if the moving party shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the movant to demonstrate the absence of a genuine issue of a material fact. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986). In assessing a summary judgment motion, a court is obliged to examine any pleadings, depositions, answers to interrogatories, admissions, and affidavits in a light that is most favorable to the non-moving party. *Boyd v. Ford Motor Co.,* 948 F.2d 283, 285 (6th Cir.1991). A dispute is genuine only if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson,* 477 U.S. at 258. The entry of a summary judgment is appropriate if the non-moving party fails to present evidence which is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Vereecke v. Huron Valley School Dist.,* 609 F.3d 392, 399 (6th Cir.2010) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)).

## III.

Turning to Mid-American's contention that US Steel's claim of negligence is barred, the Sixth Circuit described the doctrine of collateral estoppel as precluding the "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment." *S.E.C. v. Quinlan*, 373 F. App'x 581, 584-85 (6th Cir.2010) (internal quotation omitted). A party, who seeks to preclude the relitigation of an issue, must establish each of the following four elements; to wit, (1) the precise issue raised in the present case must have been raised

and actually litigated in the prior proceeding; (2) the determination of the issue must have been necessary to the outcome of the prior proceeding; (3) the prior proceeding must have resulted in a final judgment on the merits; and (4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding. *Schreiber v. Philips Display Components Co.*, 580 F.3d 355, 367 (6th Cir.2009) (internal quotation omitted); *see also Monat v. State Farm Insurance Co.*, 677 N.W.2d 843, 845-46, 850 (Mich. 2004) (describing these requirements as three distinct elements and noting that mutuality of estoppel is not required if the doctrine is asserted defensively).

US Steel, in its opposition to this motion, submits that Mid-American has failed to establish any of the required *Schreiber* elements. The first element requires that "the precise issue raised in the present case must have been raised and actually litigated in the prior proceeding." *Schreiber*, 580 F.3d at 367. When a question of fact is asserted to be precluded on the basis of the collateral estoppel doctrine, it must "be identical, and not merely similar," to the issue actually litigated and decided in the prior action. *Horn v. Michigan Department of Corrections*, 548 N.W.2d 660, 662 (Mich. Ct. App. 1996) (internal quotation omitted). Mid-American submits that the issue of whether Mid-American was negligent was fully litigated and decided in its favor in the state court action.

In its examination of the record in the this law suit and in the state court action, the Court notes that the state court neither addressed nor resolved the parties' dispute as to whether breaches of contract or warranty had occurred. Indeed, Mid-American notes that it only seeks to apply the doctrine of collateral estoppel with respect to the claim of negligence by US Steel. Thus, the Court must seek to determine if the state court made a determination that Mid-American was, or was not, negligent.

Regarding this issue, Mid-American submits that the allegedly negligent conduct by Mid-American was fully litigated in the state court, including extensive discovery and approximately fifty depositions. On February 22, 2011, the state court, following its hearing on summary disposition, concluded:

> [t]he ruling of the court is as follows: number one - there is no evidence by any expert witness that Mid-American did anything negligent. They didn't have control of the premises on the date of the explosion. When they were working on it the gas was shut off, and apparently U.S. Steel turned it back on after they left the next day. So since there is no testimony against Mid-American, the Court will grant Mid-American's motion for summary disposition. . . . Number two - the Defendants are precluded from asserting a non-party fault against Mid-American.

(Def. Mot. Summ. J., Summary Disposition Hearing Transcript, Ex.4, ECF 33-22). On March 11, 2011, the judge entered an order stating in its entirety as follows:

> This matter having been brought before the court pursuant to Defendant MID-AMERICAN GROUP, INC.'s Motion for Summary Disposition based on MCR 2.116(C)(8) and (C)(10), oral argument having been heard on February 22, 2011, and the Court being otherwise fully advised in the premises;
>     IT IS HEREBY ORDERED AND ADJUDGED that Defendant MID-AMERICAN GROUP, INC.'s Motion for Summary Disposition is granted for the reason that there is no evidence of any negligence by Defendant MID-AMERICAN GROUP, INC. that caused or contributed to the subject accident/explosion on January 5, 2008, and for the other reasons stated on the record.
>     IT IS FURTHER ORDERED that Co-Defendants, U.S. STEEL, and EES COKE BATTERY, LLC, are barred from filing, re-filing, or arguing any non-party fault against MID-AMERICAN GROUP, INC. in this case.

(Def. Mot. Summ. J., Summary Disposition Order, Ex. 5, ECF 33-23).

US Steel submits that the theories advanced by the plaintiffs in the state court action were based on different facts and legal circumstances. In particular, US Steel proclaims that the plaintiffs in the state court litigation alleged that it or some other party had negligently opened the valves which controlled the gas flow from the 42-inch line into the 54-inch line, thereby introducing gas into the line that caused the explosion. In the case at bar, US Steel maintains that Mid-American

had failed to follow contractual, statutory, and regulatory standards of care. More importantly - from US Steel's point of view - none of these failings were raised during the state court litigation.

US Steel is correct that its claims for breach of contract and breach of warranty were not decided in the state court proceeding. These claims require a resolution of different issues from those questions that were decided in the state court action. However, with respect to US Steel's claim of negligence, this a question that has already been litigated and determined in the state court proceedings. Therefore, the first element of collateral estoppel has been established.

The second element of collateral estoppel requires that a "determination of the issue must have been necessary to the outcome of the prior proceeding" *Schreiber*, 580 F.3d at 367. In as much as the state court order makes an explicit reference to Mid-American's alleged negligence in its summary disposition order, this requirement has been clearly satisfied.

The third element of collateral estoppel requires that "the prior proceeding must have resulted in a final judgment on the merits." *Id.* In Michigan, a grant of a summary disposition is a final ruling on the merits for preclusion purposes. *Capital Mortgage Corp. v. Coopers & Lybrand*, 142 Mich.App. 531, 536 (Mich. Ct. App. 1985) (finding that "summary judgment is the procedural equivalent of a trial and is a judgment on the merits which bars relitigation").

The fourth element of collateral estoppel requires that "the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding." *Schreiber*, 580 F.3d at 367. US Steel asserts that, inasmuch as it was not an adversary party to Mid-American in the state court proceedings, the decision by the state court cannot act as a bar to its claim of negligence. Furthermore, US Steel argues that it is neither the same party nor in privy with the plaintiffs in the state court proceedings.

While mutuality of the parties is generally required, this requirement is relaxed in those situations "where collateral estoppel is being asserted defensively against a party who has already had a full and fair opportunity to litigate the issue." *Monat*, 677 N.W.2d at 695. US Steel relies upon *Cook v. Kendrick*, 167 N.W.2d 483, 485 (Mich. Ct. App. 1969) for the proposition that "a prior judgment . . . operates to bar relitigation of a question only as between those parties who were actually adverse in the prior [action]." (Pl. Resp. to Def.'s Mot. Summ. J. 15, ECF 37). However, *Cook* dealt with res judicata, which requires identical parties and claims. *See McCoy v. Michigan*, 369 F. App'x 646, 649 (6th Cir.2010) ("[R]es judicata bars successive actions if (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matters in the second cause was, or could have been, resolved in the first [litigation]") (internal quotation omitted). However, Mid-American is asserting collateral estoppel - not res judicata. Further, when the collateral estoppel doctrine is asserted defensively, mutuality of estoppel is not required. *Monat, supra*.

The Court finds that the elements, which have been articulated above, to invoke collateral estoppel, have been satisfied regarding the claim of negligence by US Steel. Accordingly, US Steel is precluded from relitigating the issue of Mid-American's negligence in this action. Therefore, Mid-American is entitled to the entry of a summary judgment on this claim.

IV.

Therefore, Mid-American's motion for partial summary judgment is granted. (ECF 33).

IT IS SO ORDERED

Date: May 3, 2012                              s/Julian Abele Cook, Jr.
                                                                        JULIAN ABELE COOK, JR.
                                                                        U.S. District Court Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on May 3, 2012.

                                                                        s/ Kay Doaks
                                                                        Case Manager